IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY CANALES #77871 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv456 |
| OFFICER FNU WARREN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis* (IFP), filed this lawsuit while he was a pretrial detainee, alleging various violations of his civil rights under 42 U.S.C. § 1983 in connection with his arrest and then-pending prosecution. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Background and Allegations**

Plaintiff originally filed suit in September 2023. (Dkt. #1.) After multiple amendments ordered by the Court, Plaintiff's second amended complaint made clear that all of his claims were somehow related to his arrest and pending prosecution in Gregg County, Texas. (Dkt. ##14, 16.) Accordingly, the Court stayed and administratively closed the case pending the resolution of his criminal case. (Dkt. #16.) On January 24, 2024, Plaintiff moved to reopen the case, indicating that his criminal case had concluded. (Dkt. #18.) The Court granted that motion, and it turns now to review Plaintiff's second amended complaint.

Plaintiff sues his arresting officer, a state court judge, the prosecuting attorney, his own defense counsel, a bail bondsman, and his pretrial officer, all in connection with his arrest,

detention, and prosecution for a crime committed in Gregg County, Texas. (Dkt. #14.) He alleges that he was unlawfully imprisoned with the knowledge of the judge, who "should of issued a writ of habeas corpus, without any motion being made." (*Id.* at 9.) He says the prosecutor merely acted as a rubber stamp for police and that his own attorney failed to take action to remedy the situation. (*Id.* at 10.) Plaintiff also sues his wife for alleged misdeeds including hitting him, breaking a promise to him, theft, lying to police, and defamation. (*Id.* at 8.) Plaintiff does not clearly state his demand for relief, but he says his "goal is absolution." (*Id.* at 9.)

Despite the Court's previous express instruction to Plaintiff to "identify any criminal charges arising from the events alleged in the complaint . . . and explain, to the best of his ability, the alleged facts underlying those charges," (Dkt. #11 at 2), neither Plaintiff's pleading nor his motion to reopen clearly alleges the circumstances of his arrest or the charges brought. However, publicly available records of the 188th District Court in the matter of *State of Texas v. Jeffrey Canales*, Case No. 53244-A, establish that Plaintiff was indicted on February 23, 2022 for a third or subsequent offense of driving while intoxicated, to which he pleaded guilty on January 18, 2024, and was sentenced to seven years in prison. *See* Register of Actions, available at http://beta.co.gregg.tx.us/OdysseyPA/CaseDetail.aspx?CaseID=1674923 (last visited Jan. 25, 2023). Before this Court, Plaintiff asserts that he received ineffective assistance of counsel and that he "felt . . . forced" to sign the plea deal. (Dkt. #18.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is an inmate seeking redress from an officer or employee of a governmental entity and is also proceeding IFP. His pleading is thus subject to preliminary screening pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), which require *sua sponte* dismissal of a complaint if the Court

finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather,

the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

Aside from several other problems with Plaintiff's pleading, it is clear that—with the possible exception of his claims against his wife—his claims directly challenge the validity of his criminal conviction and are, therefore, not cognizable in a Section 1983 action. In *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

Here, Plaintiff expressly challenges the process used to convict him and seeks "absolution" for his offense. Plaintiff's claims arising from his arrest, prosecution, and conviction are thus barred by *Heck* as long as his conviction stands.

The only claims in Plaintiff's second amended complaint that might arguably fall outside the scope of *Heck* are his claims against his wife. But those claims are meritless for another reason: Plaintiff's wife is simply not subject to suit under Section 1983. To state a civil rights claim under Section 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The requirement to show the defendant violated his rights while acting under color of state law means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private individuals are not state actors subject to suit under Section 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provide a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983.). Plaintiff has not alleged any facts that would suggest that his wife's conduct might be considered state action in this case.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's claims against his wife fail to state a claim for which relief can be granted. Further, the remainder of Plaintiff's suit is barred by *Heck* and must be dismissed without prejudice for failure to state a claim on that basis. *See Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim[.]").

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's claim against his wife, Rhonda Cody, be dismissed with prejudice for failure to state a claim for which relief can be granted. The undersigned further recommends that the remainder of this action be dismissed as barred by *Heck*, and thus for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). The *Heck* dismissal should be without prejudice to Plaintiff's ability to refile his lawsuit if and when he succeeds in overturning his criminal conviction through state remedies or federal habeas proceedings.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 25th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

6